## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

C.S.B. COMMODITIES, INC., a New York
corporation,

      Plaintiff,

v.

URBAN TREND (HK) LTD., a foreign
corporation, and ROBERT KUSHNER,
individually,

      Defendants.

**CASE NO. 08 CV 1548**

Judge Robert M. Dow, Jr.
Magistrate Judge Morton Denlow

### DEFENDANT ROBERT KUSHNER'S RENEWED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Defendant Robert Kushner ("Kushner"), individually, respectfully moves this Court for an order dismissing the First Amended Complaint of Plaintiff C.S.B. Commodities, Inc. ("CSB") as against him individually for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In support hereof, Kushner relies upon all matters of record to date and further states:

1.      This is an action for alleged unfair competition under 15 U.S.C. § 1125(a) and for unfair competition under Illinois common law and Illinois Statute 815 ILCS § 510, as a result of the alleged infringement of Plaintiff's unregistered "human figure design" trade dress by Defendants.

2.      An examination within the four corners of CSB's Complaint reveals that it is devoid of any factual allegations supporting individual liability against Kushner and, therefore, is defective and those claims must be dismissed.

3.       As described in the attached memorandum, the Complaint is defective under Rule 12(b)(6) because it attempts to impose personal liability on Kushner based solely on the alleged infringing activity of his employer Urban Trend. Such allegations fall far short of the "special showing" required in the Seventh Circuit to plead individual liability for the acts of a corporation. *Dangler v. Imperial Mach. Co.*, 11 F.2d 945 (7th Cir. 1926). Because CSB cannot plead that Kushner willfully, knowingly and personally participated (beyond the scope of his status and duties) in the alleged infringing activities or that he otherwise used Urban Trend as an irresponsible instrument to carry out his own deliberate infringement, CSB's Complaint against Kushner should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

4.       The Court previously determined that should Defendants renew any of their motions to dismiss it would automatically set a briefing schedule giving Plaintiff twenty one (21) days to respond and Defendant fourteen (14) days to reply.

## CONCLUSION

WHEREFORE, Defendant Kushner respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint against Robert Kushner for failure to state a claim under Rule 12(b)(6) and award such other relief the Court deems just.

Respectfully submitted,

*/s/Jeffrey G. Mote*

Jeffrey G. Mote
James J. Lukas, Jr.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: 312-456-8400
Fax: 312-456-8435

Counsel for Defendant
ROBERT KUSHNER